35 C.C.P.A. (Patents)

## APOLLO SHIRT CO. v. ENRO SHIRT CO., Inc.

### Patent Appeals No. 5374.

Court of Customs and Patent Appeals.
Jan. 6, 1948.

Mock & Blum, of New York City (Asher Blum, of New York City, and Charles R. Allen, of Washington, D. C., of counsel), for appellant.

Edward A. Brand, of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal, in a trade-mark cancellation proceeding, from a decision of the Commissioner of Patents, 69 U.S.P.Q. 444, affirming that of the Examiner of Interferences dismissing appellant's petition to cancel the registration of appellee's mark, "Sportster" dated June 15, 1926 on an application filed April 1, 1925, claiming use of the mark since August 1924 on the

ground that the said mark as applied to sport shirts is descriptive.

Appellant is the owner of the registered mark "Sportmaster" as used on "Men's Dress, Work, and Under Shirts." The mark was registered July 21, 1936 on an application filed March 9, 1936 and is said to have been in use since February 24, 1936.

In its petition, filed under section 13 of the Trade-Mark Act of 1905, 15 U.S.C.A. § 93, appellant invoked the descriptiveness clause of section 5 of the Act, 15 U.S.C.A. § 85, as the statutory ground for cancellation. Appellant alleged that appellee had previously filed a petition to cancel the mark "Sportmaster" on the ground of confusing similarity between the marks "Sportster" and "Sportmaster" and that it was damaged by such petition; and that it will be further damaged if its registration for the word "Sportmaster" were canceled, and that such damage could only be mitigated by the cancellation of appellee's mark in this proceeding.

The cancellation proceeding initiated by appellee's petition, as aforesaid, was finally determined in Appeal No. 5372, entitled Apollo Shirt Company v. Enro Shirt Company, Inc., Cust. & Pat.App., 165 F.2d 469, in favor of appellee and decided concurrently herewith.

There is no contention by the parties that the Trade-Mark Act of 1946, 15 U.S. C.A. § 1051 et seq., has any application to the present proceeding and the sole question to be decided is whether or not appellee's mark "Sportster" is descriptive of the goods to which it is applied.

Only the petitioner has taken testimony.

It is contended by appellant that the word "Sportster" has a similar meaning and is equivalent to the word "Sporter." That word is defined in Webster's new International Dictionary, 2 Ed., Unabridged, as who sports; a sportsman; also, Colloq., one who wears sport clothes, or who spends lavishly and ostentatiously." While appellee contends "Sportster" is a natural word properly used to describe a sportsman who ostensibly would be clad in sports attire, it bases its reasoning on such contention by the meanings attached to such common words as "gamester," "songster," "funster," "trickster," "teamster" etc. It endeavors to invariably attach the same meaning to the suffixes "ster" and "er." It apparently invokes the law of usage by which coined words by reason of long general use become fixed in the English vocabulary, arguing that one who would use the word "sporter" would probably be a person of erudition, but that the public in general would say and would refer to a sportsman as a "sportster."

That the term "sportster" has not up to the present time been embodied in the English vocabulary under the law of usage is clear. It does not appear in any dictionary that has been called to our attention or to which we have access.

Furthermore, appellant has not by its evidence satisfied the tribunals of the Patent Office nor this court that appellee's mark is descriptive of sport shirts, and, therefore, we must conclude, as did the Examiner of Interferences and the commissioner, that, since no use has been shown of such word in a descriptive sense, the decision appealed from should be affirmed. The term is probably highly suggestive, but, in our opinion, it cannot properly be held as merely descriptive of the goods to which it is applied as required by the statute.

We find no error in the decision appealed from, and it is accordingly affirmed.

Affirmed.

BLAND, Judge, sat during the argument of this case, but resigned before the opinion was prepared.